CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JAN 2 5 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| NOEL PARKER,<br><br>                          *Plaintiff,*<br><br>        v.<br><br>CBOCS EAST, INC.<br>                        *Defendant.* | CASE NO. 6:09-cv-00032<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant's Motion for Summary Judgment, filed December 9, 2009 (docket no. 15). Defendant argues that Plaintiff has failed to establish a prima facie case of negligence because: (1) Plaintiff cannot prove the presence or location of the rocking chair constituted an unsafe or dangerous condition; (2) Plaintiff cannot prove that an unsafe condition proximately caused his injuries; and (3) Plaintiff cannot prove that Defendant had actual or constructive notice of the unsafe condition. For the following reasons, Defendant's Motion for Summary Judgment will be GRANTED, in an Order to follow.

I. BACKGROUND

Plaintiff Noel Parker ("Plaintiff") and his wife Dorothy Parker were regular customers[1] of the Cracker Barrel Restaurant ("Defendant" or "Cracker Barrel") located in Lynchburg, and came there to eat dinner on May 1, 2007 at approximately 6:10 p.m. After sitting on a bench inside and waiting approximately 45 minutes for a table, Plaintiff and his wife were led to a table by the hostess, Susan Gabbard. Plaintiff's wife walked in front of the hostess, and Plaintiff followed behind the hostess.

---

[1] In his deposition, Plaintiff testified that had eaten at this Cracker Barrel restaurant about 50 times before that night.

- 1 -

Plaintiff stated that the Cracker Barrel was "jammed with customers that night," and he could not see around the hostess as they walked. Pl. Dep. at 23-24. He stated that there were many customers standing – as well as sitting – and the path they walked through the customers was approximately sixteen inches wide. As they walked by a large fireplace that was on their right, the hostess made a left turn into the dining room. The wife still led the group, the hostess behind her, and then Plaintiff, each approximately a foot apart.

After walking between eight and fifteen feet towards his table into the dining room, Plaintiff alleges that he tripped on an empty rocking chair located on the left side of the aisle at or near a dining table. The left cuff of his dress pants "got caught" on the 'arc in the back' of the rocking chair, and "spun [him] around just like a top," causing him to fall to the ground. Pl. Dep. at 44-45. He said that the chair was "out of position" and "had no business being there." *Id.* at 50. Plaintiff fell and hit his right hip. Plaintiff's wife was walking ahead of the hostess towards the table, but did not see her husband fall and did not see any rocking chairs "out of place" on the way to the table. The hostess did not see Plaintiff's fall either. She stated that on that date, there were only two rocking chairs in the dining room at the "checkerboard table" that was approximately ten feet from where Plaintiff fell. She did not notice them to be "out of place" as she led him to the table. However, Plaintiff's wife would be willing to testify that she heard a waitress or manager say, "We're going to have to do something about these rocking chairs." Dep. of Dorothy Parker at 23. Further, she would testify that she did see a rocking chair that was "a little bit in the aisle" for customer traffic *after* they finished dinner. *Id.* at 21. No additional witnesses have been put forward by either party to give an account of Plaintiff's fall.

A man then helped Plaintiff get up, and Plaintiff and his wife went to their table and ate

---

Pl. Dep. at 20, 25.

dinner. Plaintiff stated that during dinner, he felt that his right leg was sore, but he was not sure it was broken. When Plaintiff and his wife were leaving the Cracker Barrel, the manager said he would pay for Plaintiff's dinner, and also took down his name and address. The following day, Plaintiff learned that he had broken his hip and subsequently underwent a hip replacement operation.

On April 27, 2009, Plaintiff filed suit in the Circuit Court of the City of Lynchburg, alleging that Defendant Cracker Barrel had various duties to maintain its premises in a reasonably safe condition and to warn of defects, and that it had violated such duties by "creating or allowing a latent defect," and by "not warning plaintiff" of the defect. Pl. Complaint at ¶¶ 2-3. The Defendant removed this case to federal court on July 4, 2009, on the grounds of diversity jurisdiction. On December 9, 2009, Defendant filed a Motion for Summary Judgment (docket no. 15), arguing that the undisputed facts in the record were not sufficient to show there was a prima facie case of negligence against Cracker Barrel.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As to materiality ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). To preclude summary judgment, a factual dispute must not only be material, but also "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative,

summary judgment may be granted." *Anderson*, 477 U.S. at 250.

In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548 (1986); *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' ... an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. Summary judgment is appropriate if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. *See Glover v. Oppleman*, 178 F.Supp.2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact." (citing *Cox v. County of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001)). Indeed, the trial judge has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 317).

### III. DISCUSSION

Defendant argues that summary judgment is appropriate because Plaintiff has failed to establish that the location or presence of the rocking chair constituted a dangerous condition, and because Plaintiff has failed to establish that Defendant was on either actual or constructive notice of

the existence of a dangerous condition.

A business owes its customers, as invitees upon the business' premises, a duty to exercise ordinary care toward them when they are on such premises. *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990) (citing *Colonial Stores Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962)). However, a store owner is not considered an insurer of the customer's safety. *See Gauldin v. Virginia Winn-Dixie, Inc.*, 370 F.2d 167, 169 (4th Cir. 1966). To fulfill its duty, the business owner is "required to have the premises in a reasonably safe condition for [a customer's] visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the [customer] *of the unsafe condition* if it was unknown to her, but was, or should have been, known to the defendant." *Colonial Stores*, 125 S.E.2d at 190 (citing cases) (emphasis added); *see also Miracle Mart, Inc. v. Webb*, 137 S.E.2d 887, 890 (Va. 1964) (stating that "to impose liability for injury to an invitee *the dangerous condition* must have been known" by the business, either by actual or constructive knowledge) (emphasis added); *Gall v. Great Atl. & Pac. Tea Co.*, 120 S.E.2d 378, 380 (Va. 1961) (stating that such duty requires a business to "warn persons invited to use its premises of *dangers* which are known to it and unknown to the invitee") (emphasis added). In a negligence action, the plaintiff has the burden of proof as to how and why the accident happened. *See Hoffner v. Kreh*, 313 S.E.2d 656, 658 (Va. 1984).

Therefore, to establish a prima facie case of negligence, Plaintiff must produce evidence that (1) Defendant Cracker Barrel owed him a duty; (2) the position or qualities of the rocking chair constituted an unsafe condition; (3) that unsafe condition proximately caused the accident; (4) Defendant Cracker Barrel had actual or constructive notice of the unsafe condition and failed to either correct it within a reasonable period of time or notify the Plaintiff; and (5) as a result, Plaintiff

suffered injuries. *See Winn-Dixie Stores*, 396 S.E.2d at 650; *Colonial Stores*, 125 S.E.2d at 189-90. As stated in the cases above, Defendant had a duty remove, or warn about, any "unsafe" or "dangerous condition" of which it had actual or constructive knowledge. However, Defendant argues that Plaintiff has not proven that the position or qualities of the rocking chair created an unsafe condition or, assuming *arguendo* that an unsafe condition existed, that Defendant had notice of it.

Plaintiff alleges that after he walked approximately eight to fifteen feet toward his table into the dining room, he tripped on an empty rocking chair that was positioned at or near a dining table on the left side of the aisle for customer traffic. *See* Pl. Dep. at 44-48. Plaintiff argues that this rocking chair, which was "one of the many rocking chairs that [D]efendant keeps in its premises was sitting on the floor in an aisle creating a tripping hazard." Pl. Complaint at ¶ 4. According to Plaintiff, he had been walking immediately behind the hostess (who, in turn, was following Plaintiff's wife) and he followed the hostess as a distance of approximately fifteen inches. Pl. Dep. at 43-44. Plaintiff looked directly ahead as he walked, but he could not see around the hostess. *Id.* at 43. At this point, the left cuff on his dress pants got caught on the 'arc in the back' of the rocking chair, and "spun [him] around just like a top," causing him to fall to the floor. *Id.* at 44-45. He stated that at the Cracker Barrel, a customer would "not normally" have been sitting in a rocking chair in the dining room and he personally had never seen a rocking chair in the dining room, *id.* at 46-47, although he did state that he "had seen [rocking chairs] in there before all over the place." *Id.* at 47-48. Plaintiff had not seen this particular rocking chair until after the fell, *id.* at 44, and he alleges that it "had no business being there," and was out of position "[i]n every respect." *Id.* at 50.

Assuming all of the above to be true, and drawing all reasonable inferences in the light most favorable to Plaintiff as the nonmoving party, Plaintiff has not met his burden of proving that

Defendant breached its duty of ordinary care by failing to remove, or warn Plaintiff about, a rocking chair so positioned at a dining room table in the restaurant.

In establishing the prima facie elements of negligence in a premises liability case, certain conditions are generally accepted as unsafe as a matter of course, such as a wet or slippery substance on the floor of the premises, *see e.g.*, *Hudson v. Kroger Co.*, No. 6:06-cv-46, 2007 WL 2110340, at *2 (W.D. Va. July 18, 2007) (unpublished) (premises' floor slick from cherries that had fallen from produce bins); *Austin v. Shoney's Inc.*, 486 S.E.2d 285, 286-87 (Va. 1997) (premises' floor had a "greasy film" or a "petroleum residue"); *Miracle Mart*, 137 S.E.2d at 889 (spill of a "fairly good sized splotch of wet substance" that was "like coca-cola"); *Gall*, 120 S.E.2d at 379-80 (premises' floor slick from grapes that had fallen from produce bins), or the presence of an unexpected object lying on the floor. *See e.g.*, *Colonial Stores*, 125 S.E.2d at 189 (plaintiff tripped on "an empty coca-cola bottle lying on the floor"); *Faulconer v. Lowe's Home Centers, Inc.*, No. 6:06-cv-43, 2007 WL 2570214, at *1 (W.D. Va. Aug. 31, 2007) (unpublished) (plaintiff tripped on a "gray piece of concrete or rock approximately the size of an egg"); *Westby v. Eighth Skyline Assoc.*, 1991 WL 835117, at *1 (Va. Cir. Ct. Aug. 6, 1991) (plaintiff tripped on "a raised electrical outlet which had been under a desk" but which became exposed and positioned in a corridor during construction).

That a rocking chair, so positioned on a restaurant dining room floor, does not squarely fall into the above-mentioned generally accepted classes of unsafe conditions, is certainly not dispositive of whether it is, in fact, an unsafe condition. However, Plaintiff has proffered no evidence that Defendant would have breached its duty of care toward its invitees, if a rocking chair were so positioned. The Court finds persuasive Defendant's reliance upon *Morrison-Knudsen Co., Inc. v. Wingate*, 492 S.E.2d 122 (Va. 1997). In *Morrison-Knudsen*, a jury verdict was returned for the plaintiff after he established at trial that the landing upon which he fell was made of "real smooth

concrete," as opposed to the "rough, broom-finished concrete" on the stairs and other areas of the facility that the defendant designed and built. *Id.* at 123-24. Furthermore, the plaintiff cited an "acknowledgement" by the defendant's quality control officer that the "broom-finished" concrete would provide more traction on the stairs than "smooth-finished" concrete, especially in the damp local climate. *Id.* at 124. In overturning the jury verdict, the court held as follows:

> [T]he burden was not upon the defendants to show that they complied with industry standards or building codes, if any were applicable. Rather, the burden was upon the plaintiff to show that the defendants deviated from the standard of ordinary care, either by failing to observe applicable trade customs and building code provisions or by some other defalcation.

*Id.* At most, the plaintiff had proven that the rougher surface provided better traction than the smooth surface, but just "because one method of finishing concrete may be better or preferable to another does not mean that the other is necessarily unacceptable or that its use would constitute negligence" under similar circumstances. *Id.* at 125.

Similarly, in this case, Plaintiff has the burden of proving that Defendant breached its duty of ordinary care by producing evidence that the rocking chair, so positioned, constituted an unsafe or dangerous condition. *Id.* at 124. The plaintiff in *Morrison-Knudsen* failed to produce any evidence that the particular use of smooth concrete would in any way deviate from the standard of ordinary care, and in this case, the Plaintiff has similarly failed to produce any evidence that the design or other qualities of the rocking chair, so positioned on the dining room floor of the restaurant, deviate from the standard of ordinary care. Like the plaintiff in *Morrison-Knudsen*, the Plaintiff here has produced evidence that the allegedly dangerous condition would be an aberration, *see* Pl's Dep. at 47, but that alone does not reasonably support the inference that its presence deviated from the

standard of ordinary care.[2] Plaintiff has not produced an expert opinion on whether the design, or other qualities of the specific rocking chair, or any comparable rocking chair at Cracker Barrel, constituted an unsafe condition. Plaintiff has not submitted to the Court any photos, diagrams, or any other visual representation of the rocking chair, or any comparable rocking chair at Cracker Barrel. While in his deposition, Plaintiff has provided a rough description of the rocking chair, *see* Pl's Dep. at 48-50, any inference drawn from that testimony regarding its safety would be the result of speculation and conjecture. Indeed, Plaintiff's case appears to have less evidentiary support than that in *Morrison-Knudsen*, because here, Plaintiff here has not even offered any evidence to prove that *comparatively*, the condition causing the accident was less safe than the alternative, *i.e.*, evidence that the rocking chair on the dining room floor is less safe than the regular dining room chairs used by Cracker Barrel. Nor can Plaintiff merely rely upon the fact that the accident happened to prove that the presence of a rocking chair, so positioned, deviated from the standard of ordinary care. *See Johnson v. Wal-Mart Stores, Inc.*, No. 7:01-cv-986, 2002 WL 1268392, at *2 (W.D. Va. May 30, 2002) (unpublished) ("However, the mere happening of an accident, without more, is not proof of negligence.") (citing *Griffin v. Wal-Mart Stores, Inc.*, No. 3:94-cv-941, 1995 U.S. Dist. LEXIS 6507, at *9, (E.D. Va. April 10, 1995) (unpublished)). The Court does not hold that expert opinion would be necessary to establish the existence of an unsafe condition, but more evidence is undoubtedly required to support Plaintiff's allegation that the presence of a rocking chair, so positioned at a dining room table in a restaurant, constituted a dangerous condition. Summary judgment is therefore appropriate, because after adequate time for discovery, Plaintiff, as the nonmoving party, has failed to make a showing "sufficient to establish the existence of an element

---

[2] Indeed, the statements made by the Cracker Barrel employees deposed in connection with this matter support the proposition that the designated place for rocking chairs inside was at a checkerboard table and not in the dining area, *see e.g.*, Schmidt Dep. at 13-14; Morehead Dep. at 16-18, but those statements do not, without more, reasonably support the

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Without additional evidence, no reasonable jury could find that the presence or location of a rocking chair, so situated, constituted an unsafe condition. Therefore, Plaintiff cannot make a prima facie showing of the necessary elements to establish Defendant's negligence. Accordingly, Defendant's Motion for Summary Judgment will be GRANTED in a separate Order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 25th day of January, 2010.

    NORMAN K. MOON
    UNITED STATES DISTRICT JUDGE

---

inference that a rocking chair, so positioned, would be inherently unsafe or would constitute negligence.